IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN KIRK DOUGLAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-1329 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In this case regarding debt for real property, Defendant Select Portfolio Servicing, Inc. ("SPS") has filed a Motion for Summary Judgment and Motion for Judgment on the Pleadings [Doc. # 20]. Plaintiff Brian Kirk Douglas, who proceeds *pro se*, has filed a Response [Doc. # 21]. Defendant filed a Reply [Doc. # 22]. The Motion now is ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Defendant's motion should be **granted**.

**I.    BACKGROUND**

As set forth in this Court's previous Memorandum and Order [Doc. # 15], Plaintiff owns property located at 10719 Villa Lea Lane, Houston, Texas, 77071 (the

"Property"). On August 26, 2006, to secure a loan on the Property ("the Loan"), Douglas executed Deed of Trust and a Note for $192,000.00 in favor of WMC Mortgage Corp. The Loan initially was serviced by Bank of America, NA and, on October 16, 2013, was transferred to Defendant SPS for servicing.

Douglas concedes that the last payment he made on his Loan was on or about January 2, 2010. Shortly thereafter, he received notice that his Loan was in default.[1] On April 15, 2014, Douglas received a notice from SPS informing him of a scheduled foreclosure sale of the Property on May 6, 2014.

On April 30, 2014 Douglas filed this case in County Civil Court at Law No. 2, Harris County, Texas, asserting claims against SPS under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* SPS removed the case to this Court on May 13, 2014. On August 13, 2014, this Court dismissed Plaintiff's claim under 15 U.S.C. § 1692g of the FDCPA with prejudice, dismissed Plaintiff's other FDCPA claims without prejudice, and denied Defendant's motion to dismiss Plaintiff's FCRA claim. The Court also permitted Plaintiff to replead his claims, except for his Section 1692g claim. Memorandum and Order [Doc. # 15].

---

[1] *See* Memorandum and Order [Doc. # 15], at 2. Defendant states in its Reply, at 3, that Plaintiff continues to reside at the Property without payment while Defendant pays property taxes and other costs.

Plaintiff's Second Amended Complaint [Doc. # 17] ("Complaint") was filed on September 11, 2014, again bringing claims under the FDCPA and the FCRA.

## II. LEGAL STANDARDS

### A. Judgment on the Pleadings

Rule 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard for judgment on the pleadings under Rule 12(c) "is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).[2] The Court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Id.* The motion "should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.*

### B. Summary Judgment Standard

---

[2] A motion under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir.

1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002), *overruled in part on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine,*

*LLC*, 589 F.3d 778 (5th Cir. 2009). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id*. (citing *Reaves Brokerage*, 336 F.3d at 413).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or

declarant is competent to testify on the matters stated"); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, although the Court may consider all materials in the record when deciding a summary judgment motion, "the court need consider only the cited materials." FED. R. CIV. P. 56(c)(3). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotation marks omitted).

## III. ANALYSIS

### A. Plaintiff's Request for Additional Time

As a preliminary matter, the Court addresses Plaintiff's request for extension of deadlines. Plaintiff's Response, filed on February 18, 2015, requests "that the court grant[] additional time, not to delay the court, but to continue response, amend petition and to retain an attorney to file an appropriate answer for the court." Response, at 2.

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This rule "requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (internal quotation marks and citations omitted). At a pretrial conference on August 14, 2014, at which both parties appeared, the Court set scheduling deadlines for litigation of this case. Minute Entry Order [Doc. # 16]. Pursuant to the deadlines set at the conference, amendments to pleadings were due by September 11, 2014, discovery closed on January 30, 2015, and the dispositive motion deadline was February 16, 2015.

Plaintiff's cursory statement in his Response provides no specific reasons justifying his request for additional time. He offers no showing of good cause for extension and, moreover, has not shown that he made diligent efforts to comply with the deadlines. The Court is aware of no meritorious reason for extending the parties' deadlines.

Additionally, although Plaintiff now requests additional time to hire an attorney, the Court recommended to Plaintiff at the conference on August 14, 2014, over six months ago, that he consult an attorney. Again, Plaintiff has not demonstrated diligence or good cause that justifies his delay.

Plaintiff's request for additional time is **denied**.

### B. <u>Fair Debt Collection Practices Act</u>

Plaintiff alleges that Defendant violated the FDCPA and thereby caused him damage. To state a claim under the FDCPA, Plaintiff must show (1) that he was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA. Memorandum and Order [Doc. # 15], at 4 (citing *Hazzard v. Bourgeios*, 2011 WL 4738235, at *1 (S.D. Tex. Oct. 6, 2011); *Stewart v. Alonzo*, 2009 WL 174938, *2 (W.D. Tex. Jan. 26, 2009)).

This Court previously held that Plaintiff had stated a claim as to the first two FDCPA elements, *i.e.*, that Plaintiff is an object of collection activity arising from a consumer debt and that Defendant is a debt collector under the statute. *Id*. at 5-6. The Court now considers whether, based on Plaintiff's amended pleadings and the evidence of record, SPS is entitled to judgment on the third element, which requires a showing that SPS engaged in an act or omission prohibited by the FDCPA. Plaintiff alleges four specific violations of the Act: Section 1692c; Section 1692d(5); Section 1692e(8); and Section 1692f(6)(a).

### 1. **Section 1692c (Communication in Connection with Debt Collection)**

Plaintiff's Complaint alleges that, on March 22, 2014 and August 7, 2014, Defendant communicated with Plaintiff regarding collection of a non-validated debt, in violation of 15 U.S.C. § 1692c.  Plaintiff alleges that Section 1692c was violated because a debt collector may not communicate with a consumer in collection of a debt "without prior consent of the consumer or the express permission of a court of competent jurisdiction."  Complaint, at 6, ¶ 16(a).[3]

Although Plaintiff does not cite a particular section of Section 1692c, his allegation tracks the language of Section 1692c(a), which provides that a debt collector may not take certain actions "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction."  The particular actions under Section 1692c(a) that require consent or court permission are communications from a debt collector to a consumer (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer; (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt; or (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.  15 U.S.C.

---

[3]    Although the Complaint cites to exhibits "M" and "M-1," no such exhibits are attached to the Complaint, and the Court cannot locate any such exhibits elsewhere in the record.

§ 1692c(a).[4]

Plaintiff's pleadings and briefing make no allegation or argument, and provide no evidence, that the alleged calls to Plaintiff on March 22 and August 7, 2014, fit within any of the three subsections set forth above. Plaintiff's bare allegation that the two alleged calls violated Section 1692c because they were made by a debt collector to a consumer about a "non-validated" debt is insufficient to state a claim or to prevent summary judgment.

Judgment for Defendant is granted on Plaintiff's claim under Section 1692c.

### 2. Section 1692d(5) (Harassment or Abuse)

Plaintiff alleges that "[b]etween the dates of October 2013–May 2014," Defendant made phone calls to Plaintiff regarding collection of the debt at issue, and that the calls "were annoying and harassing to the Plaintiff and his family and a clear violation of 15 U.S.C. § 1692d(5)." Complaint, at 6, ¶ 16(b). Section 1692d(5) provides as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . . (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

---

[4] The remaining subsections of Section 1692c pertain to third-party communications and cessation of communications. Plaintiff has not made allegations relevant to a violation of these subsections.

15 U.S.C. § 1692d(5). As made explicit by the statutory language, a plaintiff alleging a violation of this subsection must be able to show that the debt collector made the calls with the *intent* to annoy, abuse, or harass. *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 725 (S.D. Tex. 2012) (Hoyt, J., accepting and adopting the Recommendation of Froeschner, M.J.); *Clingaman v. Certegy Payment Recovery Servs.*, No. H:10-CV-2483, 2011 WL 2078629, at *4 (S.D. Tex. May 26, 2011) (Atlas, J.)).

Plaintiff has not alleged, much less presented evidence, that SPS placed calls to him with intent to annoy, abuse, or harass him. Plaintiff also has failed to allege or prove that the alleged calls to him were made "repeatedly or continuously," as the statutory language requires. Rather, he states that he received "several phone calls from SPS" between October 2013 and May 2014 that he "deemed . . . annoying and un-warranted," Complaint, at 4, ¶ 7. *See id*., at 6, ¶ 16(b) (asserting that phone calls were "annoying and harassing"). Plaintiff makes no allegation and provides no evidence as to the frequency of the alleged calls. Courts have held that, even when a plaintiff presented evidence of over one hundred calls within a period of two months, such a showing is inadequate to show harassment. *See Clingaman*, 2011 WL 2078629, at *4 (citing, *inter alia*, *Carman v. CBE Grp., Inc.*, 782 F. Supp. 2d 1223, 1232 (D. Kan. 2011)).

Defendant is entitled to judgment in its favor on Plaintiff's claim under

1692d(5).

### 3. Section 1692e(8) (Communicating False Credit Information)

Plaintiff alleges that SPS' alleged failure to report his debt dispute to a Credit Reporting Agency ("CRA") violated Section 1692e(8)'s requirement that a debt collector "communicate that a disputed debt is disputed."[5] Plaintiff's argument for this section is as follows:

> Defendant communicated that erroneous information was being reported by a [CRA] however Defendant never communicated to CRA that the debt was being disputed. . . Plaintiff formally reported to the CRAs of [sic] the disputed debt, via their online process, with Defendant which prompted one of the CRAs (Transunion) to remove erroneous report from his credit report.

Complaint, at 7, ¶ 16(c).[6]

Plaintiff has failed to demonstrate a genuine issue of material fact regarding whether SPS failed to communicate that the debt was disputed. Although Plaintiff's allegations are vague as to the date of the acts or omissions of which he complains, he appears to allege that SPS failed to communicate that his debt was disputed some time during 2012 and/or 2013. *See* Complaint, at 4, ¶ 6; *id*. at 5, ¶ 11. However,

---

[5] Section 1692e(8) prohibits a debt collector from using false information in connection with debt collection, and specifically prohibits communication of "credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

[6] In making this allegation Plaintiff cites to exhibits "K" and "L," but no such exhibits are attached to the Complaint, nor has the Court located the exhibits elsewhere in the record.

Defendant has presented evidence that it reported the debt as disputed multiple times, including during 2012 and 2013. In particular, SPS has provided a Declaration from Mark Syphus, its Consumer Ombudsman Specialist, who avers:

> [W]ithout conceding that it had any legal obligation to do so, SPS reported to the CRAs on various occasions that the subject account was disputed by [Plaintiff] following the receipt of various correspondence from [Plaintiff].

Declaration of Mark Syphus (Exhibit 1 to Motion [Doc. # 20]) ("Syphus Declaration"), at 2, ¶ 10. Syphus then lists multiple specific time periods for which SPS reported the subject account as disputed, including November 5, 2012 to December 27, 2012; April 10, 2013 to April 18, 2013; and December 6, 2013 to January 15, 2014. *Id*.

Plaintiff has presented no competent summary judgment evidence supporting his claim that SPS failed to report the debt dispute, and has failed to contest the facts presented in the Syphus Declaration. Summary judgment is granted for Defendant on this claim.

### 4. Section 1692f(6)(a) (Unfair Practices)

Plaintiff alleges that Defendant violated Section 1692f(6)(a), which prevents a debt collector from threatening foreclosure if "there is no present right to possession

of the property claimed as collateral through an enforceable security interest."[7] As support for his claim under this section, Plaintiff alleges that Defendant sent "correspondence attempting to conduct nonjudicial proceedings intended to effect dispossession or disablement of property, in order to collect or attempt to collect a debt." Complaint, at 7, ¶ 16(d). In the subsequent paragraph, Plaintiff asserts that, because more than four years have passed since he made his last payment on the Loan, the "debt is time barred" and his creditors cannot bring the debt "before a court for collection." *Id*. at 7-8, ¶ 17. Reading these paragraphs together, Plaintiff appears to be asserting that Defendant lacks any "present right" to foreclose on the Property under Section 1692f(6)(a) because Plaintiff's creditors now are time-barred from pursuing their rights to the Property as collateral for his Loan.

Plaintiff's argument is wholly unavailing. Texas law creates a four-year limitations period for a sale of real property under a deed of trust, and states that the power of sale to enforce the real property lien becomes void if the sale is not made within four years of "the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(b), (d). However, the statute specifically provides, contrary to

---

[7]    15 U.S.C. § 1692f(6)(a) ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if– (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . ").

Plaintiff's assertion, that the accrual date is not the date when each installment becomes due, but rather "the maturity date of the last note, obligation, or installment." *See id*. §16.035(e).[8] The maturity date for Plaintiff's Loan is September 1, 2036. Note (Exhibit A to Syphus Declaration), at 2.[9] Plaintiff thus has failed adequately to allege or present evidence that Defendant lacks any present right to possess the Property.

Judgment in favor of Defendant is granted on Plaintiff's claim under Section 1692f(6)(a).

### C. Fair Credit Reporting Act

Plaintiff alleges that Defendant violated Section 1681s-2(b) of the FCRA, which imposes duties on entities such as SPS that furnish information to CRAs. Plaintiff alleges that SPS failed to take appropriate action regarding his dispute with a CRA, claiming that after Plaintiff notified SPS of the dispute, SPS then was

---

[8] TEX. CIV. PRAC. & REM. CODE § 16.035(e) ("If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment."). *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

[9] When a Loan contains an acceleration clause, the cause of action accrues when the option to accelerate is exercised. *Holy Cross*, 44 S.W.3d at 566. In this case, Plaintiff has not relied upon the date of acceleration, and said date is not clear from the record.

obligated to provide notice to CRAs. Complaint, at 9, ¶ 23.[10]

Under Section 1681s-2(b), Plaintiff can sue SPS only by alleging that (1) he initiated a dispute with a CRA; (2) the CRA provided SPS with notice of the dispute; and (3) SPS failed to take appropriate action regarding the dispute. *See* Memorandum and Order [Doc. # 15], at 11 (quoting *Donnelly v. JP Morgan Chase, NA*, 2014 WL 429246, at *5 (S.D. Tex. Feb. 4, 2014) (Rosenthal, J.)).

To satisfy the second prong of this test, Plaintiff must demonstrate that a CRA notified SPS of the disputed debt, so as to trigger SPS' duties under the statute. *See* 15 U.S.C. § 1681s-2(b)(1) (imposing duties on a furnisher of information only ***after*** the entity receives notice from a CRA of a dispute in accordance with the requirements of 15 U.S.C. § 1681i(a)(2)); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639-40 (5th Cir. 2002) (dismissing FCRA claim as a matter of law because the plaintiff failed to demonstrate that the furnisher of information had received notice of disputed debt from a CRA). If SPS had received such notification, its duties under Section 1681s-2(b)(1)(A)-(E) (which include investigation, additional reporting, and possible modification or deletion of information) would have been

---

[10] Plaintiff further alleges that SPS failed to maintain and follow "reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report . . . violating 15 U.S.C. [§] 1681e(b)." *Id*. at 10, ¶ 26. Because Section 1681e(b) imposes duties on CRAs, not furnishers of information, it cannot form the basis of an allegation against SPS.

triggered. *See Young*, 294 F.3d at 640. Thereafter, to satisfy the third prong, Plaintiff would need to present evidence that SPS failed to take appropriate action regarding the dispute. *See Donnelly*, 2014 WL 429246, at *5; 15 U.S.C. § 1681s-2(b)(1)(A)-(E).

In his current Complaint, Plaintiff alleges that *Plaintiff* notified SPS of the dispute "by mail which was received on November 12, 2013," at which time SPS was obligated to inform the CRAs of the debt dispute. Complaint, at 9 ¶ 23. *See also* Response, at 2 (stating that Plaintiff mailed a "'Debt Validation/Verification Letter' via CMRR 7010 3090 0001 1153 8478" that was delivered to SPS on or about January 24, 2014.). This allegation, even if proven, would be insufficient to support a claim under Section 1681s-2(b) because the statute imposes duties on SPS only after SPS receives notice *from a CRA* of a credit dispute regarding Plaintiff. Plaintiff also makes a cursory allegation that "CRA notified [SPS] of debt being disputed," but fails to present any evidence in support of his statement. This cursory allegation is insufficient to create a genuine issue of material fact. *See Delta & Pine*, 530 F.3d at 399.

Summary judgment is granted for Defendant on Plaintiff's claim under Section 1681s-2(b) of the FCRA.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment and Motion for Judgment on the Pleadings [Doc. # 20] is **GRANTED**. All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

A separate final judgment will issue

**SIGNED** at Houston, Texas, this 11th day of **March, 2015.**

_____
Nancy F. Atlas
United States District Judge